SHORT, Appellant, v. McMULLEN, Respondent.

(180 N. W. 719.)

(File No. 4719.   Opinion filed December 22, 1920.)

1.  Trials—Verdict Read and Confirmed by Jury, Jury Discharged, Recalled While Retiring on "Suggestion" Unknown—Improper Instructions, Second Verdict Erroneous.

In a suit on a promissory note given for a silo, defendant having counterclaimed for damages, the amount appearing to be due on note being $748.50, after a verdict for plaintiff in that amount had been returned and delivered to trial judge who, upon questioning jury as to its being their verdict and receiving affirmative response, announced that jury was discharged, but while jury were retiring they were recalled to their seats by the judge, who stated to them that "the verdict reads all right, but the suggestion has been made to me that you intended the verdict for the defendant, and while we are here perhaps we had better find out what the difficulty is if there be any," and that by the verdict they had allowed full amount claimed on note and allowed defendant nothing for damages, and; "was that your intention?" to which jury answered "No;" the court then inquiring; "you intended to allow him $748.50 upon his counterclaim so as to offset the note, is that the idea?" to which jury replied "Yes, our verdict is wrong." After which court instructed jury they should reconsider verdict, that they had either misunderstood or overlooked a portion of his charge, and alluding to certain testimony concerning value of the lumber entering into construction of the silo, and instructed that "plaintiff would be entitled to recover this amount in any event, * * plaintiff would be entitled to recover whatever the lumber and material were worth," * * I only sent out one verdict, which is in favor of plaintiff, because you would have to bring in a verdict for not less than $140 together with interest as provided by the note," and further instructed jury to retire and reconsider their verdict, "having in mind the instructions I gave you before you retired in the first instance and the additional instruction I have now given you, and make such correction of the verdict as you find proper under the facts and instructions," after which jury retired and brought in verdict for plaintiff for $206. Held, it not appearing how and from what source trial court received the infor-

mation that verdict did not represent views of jury, and no
poll having been taken pursuant to Sec. 2515, Code 1919, and
assuming that while jurors were leaving jury box any one or
more of them might properly have advised court that a mis-
take had been made, whereupon it would have been proper to
have recalled jury, record affirmatively showing that none of
jurors could have made such "suggestion ' to court,—that trial
court erred in recalling and so instructing it and in per-
mitting them to retire and bring in a new verdict.

2.   Same—Verdict Responsive and Formal, Unauthorized "Sugges-
     tion"—Case Not Within Statute Re Imperfect Verdicts.

     The first verdict so rendered having been responsive to the
issues and complete and proper in form, it was not, as in some
other cases on this subject, inconsistent with answers to other
interrogatives; and under such showing, no person other than
the jurors could lawfully have become aware that the verdict
did not represent their views; no provision of law or any pre-
cedent permits any other person to make such "suggestion" to
court at such time and in such circumstances, or permits trial
court to then act upon a "suggestion" made by another, the
situation not being within rule as to imperfect, incomplete or
inconsistent verdicts (Sec. 2518, Code 1919,) hence the rule in
such cases authorizing recall of jurors is inapplicable.

Action by Charles V. Short, against J. M. McMullen, to re-
cover upon a promissory note; defendant counterclaiming for
damages. From a judgment for defendant, and from an order
denying a new trial, plaintiff appeals. Reversed.

*N. D. Burch,* and *E. O. Patterson,* for Appellant.

*W. J. Hooper,* for Respondent.

(1)   To point one of the opinion, Appellant cited: People
v. Lee Yung Chong 94 Cal. 379; Levells v. State, 32 Ark. 585.

Respondent cited: Thompson on Trials, Secs. 2549, 2261.

(2)   To point two, Appellant cited: Board of Commission-
ers of Wabash County v. Pearson, 120 Indiana, 426; 16 Am.
St. Rep. 326.

GATES, J.   Action on a promissory note given for a silo.
The giving of the note was admitted, but an entire failure of
consideration was pleaded, and a counterclaim for damages was
interposed. The amount due on the note according to its terms
was $748.50. The cause was submitted to a jury, which returned
a verdict for plaintiff. Thereupon the following proceedings
were had, the italics being ours:

"At the time that the jury returned into court with the verdict set forth, the following proceedings were had:

The Court: Gentlemen, have you agreed upon a verdict?

"Foreman: Yes, sir.

"The Court: Will you please hand me your verdict?

"Verdict handed to the court, which was read to the jury follows: We, the jury, find in favor of the plaintiff upon all the issues and assess his damages at $748.50. Jorn Winkler, Foreman.

"The Court: Is that your verdict, gentlemen?

"Jury: Yes, sir.

"The Court: So say you all?

"The Jury: Yes, sir.

"The Court: Gentlemen, you are discharged from any further consideration of this case and until 9 o'clock tomorrow morning.

"As the jurors were retiring from the jury box, they were asked by the court to retake their seats, when the following proceedings were had:

"The Court: Gentlemen, the verdict reads all right, *but the suggestion has been made to me that you intended the verdict for the defendant;* and while we are here, perhaps I had better find out what the difficulty is, if there be any. By the verdict which you have brought in here, gentlemen, you have allowed the full amount claimed upon this note, and allowed the defendant nothing for any damages which he claimed to have sustained by reason of any defect in this lumber out of which he made this silo. Was that the intention?

"The Jury: No, sir.

"The Court: You intended to allow him $748.50 upon his counterclaim so as to offset the note; is that the idea?

"The Jury: Ye⁻ ⸱⸱    .    ⁻ ⸱⸱⸱⸱ is wrong.

"The Court: Now, gentlemen of the jury, it will become necessary for you to reconsider this verdict in view of what you have just stated to the court. It is apparent now that you have either misunderstood or overlooked a portion of my charge. The testimony of the defendant, J. M. McMullen, in this case shows that the lumber used for the construction of this silo was worth in the neighborhood of $140 to $150, and the plaintiff would be

entitled to recover this amount in any event, no damages being claimed for any injury suffered except for defects in this lumber and material, and the plaintiff would be entitled to recover whatever the lumber and material are worth, and the defendant himself testified that it was worth in the neighborhood of $140 to $150, and that is the reason I only sent out one verdict, which is in favor of the plaintiff, because you would have to bring in a verdict for not less than $140, together with interest as provided by the note, in favor of the plaintiff, no matter what view you might take of the defects, if any, in the lumber and material. You are therefore instructed to retire and reconsider the verdict which you have already entered, having in mind the instructions I gave you before you retired in the first instance and the additional instructions I have now given you, and make such correction of the verdict as you find proper under the facts and instructions."

The jury then retired, and brought in a verdict for plaintiff for $206. The plaintiff excepted to these novel proceedings, and moved for judgment on the first verdict, which motion was denied, and the judgment was entered in accordance, with the second verdict. From the judgment and order denying new trial plaintiff appeals.

[1] The question that awakens our interest is how and from what source the trial court received the information that the verdict did not represent the views of the jury. Who was it that made the suggestion to the court that the jury intended the verdict for defendant? No poll of the jury had been taken, as is permitted by Rev. Code 1919, § 2515. Assuming that, while the jurors were leaving the jury box, and before all of them had left it, any one or more of the jurors might properly have advised the court that a mistake had been made, then it would have been proper to recall the jury. But the record affirmatively shows that none of the jurors could have made such "suggestion" to the court. The record shows the following:

"The Court: Gentlemen of the jury, between the moment that you were discharged and the time that I called you back, did any one of you leave the room?

"The Jury: No, sir.

"The Court: None of you left the room?

"The Jury: No, sir.

"The Court:   During that time did any one of you discuss the verdict with any outside person?

"The Jury:   No, sir.

"The Court:  And no one discussed the verdict with you?

"The Jury:   No, sir."

[2]   The first verdict was responsive to the issues, and was complete and perfect in form.   It was not, as in some of the cases on this subject, inconsistent with answers to other interrogatories.   Under this showing, how could any person other than the jurors lawfully have become aware that the verdict did not represent the views of the jury?   We are unable to find any provision of law or any precedent that permitted any other person to make such "suggestion" to the court at that time and under those circumstances, or that permitted the trial court to then act upon a "suggestion" made by another.   This situation is not brought within the rule relative to imperfect, incomplete, or inconsistent verdicts (Rev. Code 1919, § 2518); consequently the rule in such cases which authorizes a recall of the jurors has no application.

We are of the opinion that the acts of the trial court, done subsequently to the discharge of the jury at the time the first verdict was received, were beyond the authority of law, and prejudicial to plaintiff.

The judgment, and order appealed from are reversed, and the cause remanded for a new trial.